IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CAROLYN G., | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. ADC-20-1363 |
| KILOLO KIJAKAZI,<br>Acting Commissioner,<br>Social Security Administration | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## **MEMORANDUM OPINION**

On June 2, 2020, Carolyn G. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for Supplemental Security Income ("SSI"). ECF No. 1 ("the Complaint"). After consideration of the Complaint, the parties' cross-motions for summary judgment (ECF Nos. 15, 20) the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2018). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 15) and Defendant's Motion for Summary Judgment (ECF No. 20) are DENIED, the decision of the SSA is REVERSED, and the case is REMANDED to the SSA for further analysis in accordance with this opinion.

### PROCEDURAL HISTORY

On October 11, 2013, Plaintiff filed a Title XVI application for SSI, alleging disability beginning on September 9, 2009. She later amended her disability onset date to October 11, 2013. ECF No. 11-10 at 5. Plaintiff's claim was denied initially and upon reconsideration on May 27, 2014 and November 3, 2014, respectively. Subsequently, on November 24, 2014, Plaintiff filed a written request for a hearing and, on May 26, 2016, an Administrative Law Judge ("ALJ") presided

1

over a hearing. On September 26, 2016, the ALJ rendered a decision denying Plaintiff's claim for SSI. Thereafter, Plaintiff filed an appeal of the ALJ's disability determination, and, on December 1, 2017, the Appeals Council affirmed the ALJ's decision. Plaintiff sought review of the ALJ's September 26, 2016 decision in this Court and subsequently, on April 1, 2019, the Court remanded the case to the Commissioner. On August 14, 2019, the Appeals Council vacated the Commissioner's final decision and remanded the case to an ALJ. An additional hearing was held before an ALJ on December 17, 2019, and on April 1, 2010, the ALJ again rendered a decision denying Plaintiff's SSI claims. ECF No. 15-2 at 3.

On June 2, 2020, Plaintiff filed this Complaint in this Court seeking judicial review of the SSA's April 1, 2020 denial of her disability application. On January 29, 2021, Plaintiff filed a Motion for Summary Judgment (ECF No. 15) and Defendant filed a Motion for Summary Judgment (ECF No. 20) on June 3, 2021.[1] This matter is now fully briefed, and the Court has reviewed both parties' motions.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not

---

[1] On April 26, 2021, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible SSI, a claimant must establish that she is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

3

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective

medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ preliminarily found that at step one that Plaintiff "ha[d] not engaged in substantial gainful activity since October 11, 2013, the application date." ECF No. 11-

10 at 8. At step two, the ALJ found that Plaintiff had the following severe impairments: "major depressive disorder ("MDD"), anxiety disorder, post-traumatic stress disorder ("PTSD"), coronary artery disease ("CAD"), and obesity." *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 9. At step four, the ALJ determined that Plaintiff had the RFC:

> [T]o perform light work as defined in 20 CFR 416.967(b) except that [Plaintiff] can have only occasional climbing of ramps and stairs but never ladders, ropes and scaffolds. The [Plaintiff] can occasionally balance, stoop, kneel, crouch and crawl. The [Plaintiff] must avoid unprotected heights and dangerous machinery and avoid concentrated exposure to extreme temperatures and humidity. The [Plaintiff] can perform simple, routine and repetitive tasks of unskilled work but no production rate pace work. The [Plaintiff] can have occasional interaction with supervisors, coworkers, and the public. The [Plaintiff] can tolerate few changes in the routine setting with simple, work-related decisions.

*Id.* at 13. The ALJ then noted that Plaintiff has no past relevant work. *Id.* at 22. Finally, at step five, the ALJ determined that "considering [Plaintiff]'s age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." *Id.* at 23. Thus, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, since October 11, 2013, the date the application was filed." *Id.* at 24.

## DISCUSSION

Plaintiff raises two main allegations of error on appeal for the argument that the ALJ's RFC determination is not supported by substantial evidence. First, that the ALJ erred in determining the credibility of the statements made by Plaintiff and third parties and second, that ALJ posed an

improper hypothetical to the Vocational Expert ("VE") rendering the RFC analysis inadequate. The Court agrees with Plaintiff's second argument and will address both arguments below.

A. <u>The ALJ's Credibility Determination.</u>

Plaintiff raises three issues with the ALJ's credibility determination. First, Plaintiff argues that the ALJ erred by discrediting Plaintiff's "statements and third party statements about the severity, persistence, and limiting effects of her symptoms by deeming such symptoms as 'inconsistent' with the objective 'physical signs' and 'negative mental status signs found throughout the [Plaintiff's] records.'" ECF No. 15-2 at 11 (transcript citation omitted). Second, Plaintiff asserts that the ALJ "cherry picked" the record to undercut her credibility. *See Id.* at 14. Third, Plaintiff contends that the ALJ erred by "discrediting Plaintiff's subjective complaints as inconsistent with her daily activities." *Id.* at 14. The Court finds these arguments without merit.

Plaintiff contends that the ALJ failed to properly evaluate the credibility of statements made by her and by third parties about Plaintiff's subjective complaints regarding the "severity, limiting effects, and persistence of her symptoms". ECF No. 15-2 at 11. The United States Court of Appeals for the Fourth Circuit laid out the two-step process for evaluating whether a person is disabled by pain and other symptoms under 20 C.F.R. §§ 404.1529 and 416.929:

> Under the regulations implementing the [Act], an ALJ follows a two-step analysis when considering a claimant's subjective statements about impairments and symptoms. First, the ALJ looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms. Second, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities. The second determination requires the ALJ to assess the credibility of the claimant's statements about symptoms and their functional effects.

*Lewis*, 858 F.3d at 865–66 (internal citations omitted); *see also Craig*, 76 F.3d at 594 (describing the two-step process). At the second stage, the ALJ must consider all the available evidence,

8

including the claimant's medical history, medical signs, statements by the claimant and her treating or examining physicians, objective medical evidence of pain, and any other information proffered by the claimant. 20 C.F.R. §§ 404.1529(c)(1)–(3), 416.929(c)(1)–(3).

In addition, the ALJ should consider inconsistencies in the evidence to determine whether a claimant's subjective claims regarding her symptoms and impairments can reasonably be accepted. 20 C.F.R. § 404.1529(c)(4), 416.929(c)(4). Subjective symptoms standing alone, cannot sustain a finding of disability and a claimant must substantiate her allegations. 20 C.F.R. §§ 404.1529, 416.929; *see also Mickles v. Shalala*, 29 F.3d 918, 923 (4th Cir. 1994) (stating that pain may render claimant incapable of working independent of any physical limitation, but allegations of pain alone are insufficient to find a disability). "According to the regulations, the ALJ 'will not reject [a claimant's] statements about the intensity and persistence of [her] pain or other symptoms or about the effect [the claimant's] symptoms have on [her] ability to work solely because the available objective medical evidence does not substantiate [the claimant's] statements.'" *Lewis*, 858 F.3d at 866 (quoting 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)). The ALJ, therefore, is required to make a finding regarding a claimant's credibility and should specifically refer to the evidence supporting that finding. *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985) (per curiam).

Plaintiff's credibility allegation falls within the argument that the ALJ's RFC is not supported by substantial evidence. "In reviewing for substantial evidence" in support of an ALJ's factual findings, the Court does "not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and alteration omitted). Instead, if "conflicting

evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court defers to the ALJ's decision. *Id.* (internal citation omitted).

Here, the Court finds that the ALJ properly assessed the credibility of the statements and testimony from Plaintiff and third parties, applying the correct legal standard. First, the ALJ recognized the obligation to follow the two-step process in considering Plaintiff's symptoms. Plaintiff agrees that the ALJ satisfied the first step by finding that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms. ECF No. 11-10 at 14, No. 15-2 at 11. As noted, an ALJ is required to refer to evidence as support of any credibility determinations. *Hammond* at 426. The Court finds that the ALJ cited sufficient evidence to support her determination here that Plaintiff's statements and third-party statements were not consistent with the medical records.

Plaintiff relies on *Arakas v. Comm'r. Soc. Sec. Admin.* for the argument that she is "entitled to rely exclusively on subjective evidence to prove that her symptoms were so continuous and/or severe that they prevented her from working a full eight-hour day." 983 F.3d. 83, 97 (4th Cir.2020) (internal citation omitted). However, this reliance is misplaced. In *Arakas*, the Plaintiff was permitted to rely entirely on subjective evidence because she suffered from fibromyalgia, a condition where the "symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia." *Id.* at 92 (internal citation omitted). The Court found there that the ALJ erred because "he effectively required objective evidence for a disease that eludes such measurement." *Id.* at 97. Further, the Court held that "ALJs may not rely on objective medical evidence (or lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Id.*

10

Plaintiff cannot rely exclusively on subjective evidence to prove that her mental impairments prevent her from working a full eight-hour day. While at the second step, a claimant's allegations about their symptoms "may not be discredited solely because they are not substantiated by objective evidence" an ALJ is not required to accept the allegations "to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptom] alleged." *Craig v. Charter* 76 F.3d 585, 593 (4th Cir.1996).

In this case, at the second step of the analysis, the ALJ noted inconsistencies between Plaintiff's testimony and the evidence in the record, stating that Plaintiff's "own testimony and previous written statements about her physical and mental capacity are inconsistent with her claim that she is disabled." ECF No. 11-10 at 14. For example, the ALJ explained that in the written function reports submitted by Plaintiff and her husband, both stated that Plaintiff "could still independently perform most activities of daily living despite symptoms, including caring for a daughter, washing clothes, caring for pets, managing [Plaintiff's] own personal care, cooking simple meals, performing light chores, shopping in stores, and managing [Plaintiff's] own medical care." ECF No. 11-10 at 15 (record citations omitted). However, Plaintiff "consistently testified...that she took care of her kids and household duties, cooked, cleaned, washed clothes, supervised her kids, and handled medical appointments for kids or herself." *Id.* (record citation omitted). Additionally, the ALJ noted that the record indicates that Plaintiff "was working in some capacity in 2019 but stopped due to issues unrelated to any disabling conditions [Plaintiff] is alleging." *Id.* (record citation omitted). The Court is satisfied that the ALJ built "an accurate and logical bridge from the evidence to [her] conclusion" that Plaintiff's testimony and the function reports were not fully credible. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 269 (4th Cir.

11

2017) (internal quotation marks omitted). Further, the Court finds that the AL's symptom analysis is supported by substantial evidence and that the ALJ did not err by determining that Plaintiff's subjective complaints were inconsistent with her daily activities.

Plaintiff also alleges the ALJ "cherry picked" the record to undercut her credibility. *See* ECF No. 15-2 at 14. As noted, while an ALJ cannot discount a claimant's credibility based solely on contradictory objective medical evidence, an ALJ can discount a claimant's credibility based on inconsistencies in the record and the evidence therein. *See* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). Plaintiff cites to numerous exhibits of opinion evidence that she argues are consistent with her alleged symptoms but that the ALJ ignored. *See* ECF No 15-2 at 14-15. However, many of the exhibits Plaintiff cites to are assigned little weight by the ALJ for reasons thoroughly explained in the opinion. ECF No. 11-10 at 17-21. Similarly, the ALJ considered the objective medical evidence in her credibility analysis, as well as Plaintiff's Function Report, in which Plaintiff herself indicates that she can shop, prepare meals, and take care of family members. ECF No. 11-7 at 40, 41. The ALJ also explained that Plaintiff's records show gaps in treatment and non-compliance with medications. ECF No. 11-10 at 21. Accordingly, the Court finds that the ALJ based her credibility determination neither on a "cherry picked" record nor solely on objective medical evidence. Because the ALJ's credibility determination was proper and supported by substantial evidence, it is not a basis for remand.

B. <u>The VE Hypothetical.</u>

Plaintiff's next argument is that the hypothetical presented to the VE was flawed, resulting in an error in the ALJ's RFC finding for improper use of the term "production rate paced work." *See Ursula G. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1841, 2019 WL 2233978, at *2 (D.Md. May 23, 2019) (considering use of the term "production pace" and noting the challenge to the term

could be presented either to step five or to the RFC analysis because "the deficient RFC assessment would also infect the hypothetical based on that assessment"). The Court agrees the ALJ erred by posing an improper hypothetical to the VE, subsequently infecting the RFC analysis.

In determining RFC specifically, an ALJ must consider the entire record, opinion evidence, impairments that are not severe, and any limitations the ALJ finds. 20 C.F.R. §§ 404.1545(a), 416.945(a) (ordering the ALJ to consider the entire record); SSR 96-8p, 1996 WL 374184, at *2 (defining the RFC as an assessment of an individual's ability to perform vocational-related physical and mental activities). Furthermore, it is the duty of the ALJ to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating a claimant's RFC. Specifically, the Ruling provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). Furthermore, "[t]he Ruling instructs that the [RFC] 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations. Only after that may [the RFC] be expressed in terms of the exertional levels of work[:] sedentary, light, medium, heavy, and very heavy." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (footnote omitted) (quoting SSR 96-8p, 1996 WL 374184).

Plaintiff challenges the ALJ's use of "production rate paced work," stating the ALJ did not properly define the term. ECF No. 15-2 at 23. Plaintiff points to the Fourth Circuit's opinion in *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019), to bolster her argument that this error is a basis for remand. In *Thomas v. Berryhill*, the Fourth Circuit found that the underlying ALJ's analysis "fail[ed] to provide a logical explanation of how she weighed the record evidence and arrived at her RFC findings." 916 F.3d at 311. One of the four errors the court found the ALJ made during the RFC analysis was that the ALJ did not provide the court "enough information to understand" the restriction that claimant "could not perform work 'requiring a production rate or demand pace.'" *Id.* at 311–12. The Fourth Circuit found that "[c]ombined, the above-listed missteps in the ALJ's RFC evaluation frustrate our ability to conduct meaningful appellate review." *Id.* at 312.

In interpreting *Thomas v. Berryhill*, this Court has encountered two categories of scenarios regarding an ALJ's use of "production rate pace," or similar terms: scenarios in which the ALJ provided a definition for the term, and scenarios in which the ALJ did not. In *Teresa B. v. Commissioner, Social Security Administration*, No. SAG-18-2280, 2019 WL 2503502 (D.Md. June 17, 2019), the ALJ in the underlying decision "included an RFC provision limiting Plaintiff to 'no work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the other)." *Id.* at *2. The Court in this case found that the ALJ's use of "production-rate pace" was acceptable because he included a definition for the term immediately thereafter. *Id.* On the other hand, in *Travis X. C. v. Saul*, No. GJH-18-1210, 2019 WL 4597897 (D.Md. Sept. 20, 2019), the ALJ in the underlying decision included an RFC provision that the plaintiff "can perform jobs consisting of simple (1- to 3-step tasks), routine, and repetitive tasks, in a work environment without production rate pace." *Id.* at *2. The ALJ in that case did not include a definition or explanation of what he meant by

14

"production rate pace." *Id.* at *5. The Court, therefore, found "the ALJ did not provide the proper 'logical bridge'" to support his use of the term "production rate pace," and the Court was "left to guess" the basis of the term, warranting remand. *Id.*

Here, this case is more analogous to *Travis X. C.* than to *Theresa B.* The ALJ's hypothetical proposed an individual who:

> [c]ould occasionally climb ramps and stairs. Never ladders, rope, or scaffolds. Occasionally balance...on uneven surfaces, occasionally stoop, kneel, crouch, and crawl. The individual needs to avoid unprotected heights and dangerous machinery. And the individual needs to avoid concentrated exposure to extreme temperatures and humidity. The individual is limited to simple, routine and repetitive tasks of unskilled work. And the individual could perform no production paced work and there could be occasional integration with supervisors, coworkers and the public. Few changes in the routine work setting. And the individual could make simple work-related decisions.

ECF No. 11-10 at 67. The ALJ failed to provide a definition, explanation, or anything else serving as a "logical bridge" to unlock the meaning of her use of the term "production rate pace work" in neither the hypothetical to the VE nor her explanation of her RFC finding. ECF No. 11-10 at 13, 67. Accordingly, following the holding in *Thomas v. Berryhilll*, the ALJ's error by failing to define "production paced work" warrants remand.

## Conclusion

In summation, the Court finds that the ALJ improperly found that Plaintiff was "not under a disability", as defined by the Act, since October 11, 2013, the amended disability onset date. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 20) is DENIED, and the decision of the SSA is REMANDED for further proceedings in accordance with this opinion. In so holding, the Court expresses no opinion as to the ALJ's ultimate disability determination. The clerk is directed to CLOSE this case.

Date: 15 July 2021

A. David Copperthite
United States Magistrate Judge